UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BILL LEROY SPIKE,

Plaintiff,

v.

ROBERT FENEIS, FRANK SPENCER, BILL BARHORST, KEN THOLE, KENT LARSON, TOM O'CONNELL, BRIAN OLILLA, and KATHY DARSIE,

Defendants.

CIVIL NO. 01-222 (JMR/AJB)

ORDER

Plaintiff, a state prisoner, has filed a complaint seeking relief for alleged violations of his federal constitutional rights, which purportedly occurred while he was incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota. In a separate Report and Recommendation filed contemporaneously with this Order, it has been recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b) as to Defendants Bill Barhorst, Ken Thole, Kent Larson, Tom O'Connell, Brian Olilla, and Kathy Darsie, and that Plaintiff be allowed to prosecute his claims against the two remaining named Defendants at this time. The matter is now before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.)

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. This means that Plaintiff will be excused from pre-paying the full filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, $143.40), in installments pursuant to 28 U.S.C. § 1915(b)(2).

FILED FEB 16 2001

See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the two remaining named Defendants – Robert Feneis and Frank Spencer – served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285 for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993). If he does not satisfy this requirement within the next thirty (30) days, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285). (Form USM-285 will be provided by the Clerk's office upon request.)

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's claims against the two remaining named Defendants. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely $143.40 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. Within thirty (30) days after the date of this order, Plaintiff shall file one completed Form USM-285 for each of the two remaining named Defendants in this matter, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form;

5. A copy of this Order shall be served together with the summons and Plaintiff's complaint; and

6. Those Defendants upon whom service of process is effected will be required to file a response to Plaintiff's complaint.

Dated: February 15th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge