**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Bill Leroy Spike,

Plaintiff,

v.

Robert Feneis and Frank Spencer,

Defendants.

Civil No. 01-222 (JMR/AJB)

**ORDER ON PLAINTIFF'S MOTIONS TO AMEND AND FOR APPOINTMENT OF COUNSEL**

This matter is before the Magistrate Judge on plaintiff's motion for leave to file a supplemental complaint [Docket No. 14], therein amending the complaint to add additional claims and parties. Plaintiff also moves for appointment of counsel [Docket No. 16]. A complaint for violation of civil rights under 42 U.S.C. § 1942 is pending before the court. Claims against several initially named defendants have been summarily dismissed pursuant to 28 U.S.C. § 1915A(b) while claims against defendants Feneis and Spencer have been allowed to go forward. An Answer has been served on behalf of the remaining defendants.

Based upon the entire file, including the motion and pleadings submitted by the plaintiff, **IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a supplemental complaint is **denied** [Docket No. 14]. It is **FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **denied** [Docket No. 16].

Dated: 6/8/01

Arthur J. Boylan
United States Magistrate Judge

JUN 08 2001
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

Plaintiff has filed a motion seeking appointment of counsel. He asserts that his claims are complex; that he is unable to afford counsel; that he has limited library access, that he has little experience with the law. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, in a civil case, "there is no constitutional or statutory right for an indigent to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994). In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The court should determine if "the nature of the litigation is such that the [plaintiff] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

The decision to appoint counsel "involves a careful weighing of several factors," including the factual complexity of the case, the ability of plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the plaintiff to present the claim, and the complexity of the legal issues. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986) citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The nature of this case is not such that both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and is able to proceed without legal counsel. Plaintiff has been able to articulate his claims, assert the law and facts that he considers applicable, and argue his positions. Furthermore, the court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

Plaintiff also moves for leave to file a supplemental complaint to allow permissive joinder of defendants under Fed. Rules of Civil Procedure 15(d) and 20(a). Review of the proposed supplemental complaint reveals that plaintiff essentially seeks leave to amend the complaint to add new parties and new claims pursuant to Fed. R. Civ. P. 15(a).

Fed. R. Civ. P. 15(a) permits amendment to the complaint by leave of court and mandates that leave be freely given when justice requires. The decision on whether to grant or deny motion to amend a pleading lies within the sound discretion of the court, and it is not an abuse of that discretion to deny leave to amend when granting leave is unlikely to be productive. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). The court may refuse to permit amendment to assert claims which could not survive motion to dismiss. Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989). Important considerations are whether defendant is prejudiced by the amendment and whether the proposed amendment asserts a futile claim. Foman v. Davis, 83 S.Ct. 227, 230 (1962).

In this instance it is apparent to the Court that the supplemental complaint fails to set forth any actionable claims and plaintiff's proposed claims are therefore futile. Plaintiff has not stated a viable denial-of-access-to-the-courts claim because he has not shown any actual injury. Lewis v. Casey, 518 U.S. 343, 348-49, 116 S.Ct. 2174, 2178-79 (1996). In other words, he has not shown that he has been effectively denied a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights. Id., 116 S.Ct. at 2180. He does not identify any documents or evidence that he has been unable to file, and in any event, has not described any resulting prejudice to his legal rights. Next, plaintiff fails to state an actionable retaliation claim because there are no factual allegations whatsoever showing that anyone did

anything harmful to him with respect to his ability to exercise of his constitutional rights. The claim is therefore totally conclusory. Finally, plaintiff does not state a due process claim because he has not shown any actual deprivation of a protected liberty or property interest. The motion for leave to amend the complaint is therefore denied.